UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JULIUS WILSON,

     Plaintiff,

  -Vs-

Case Number: **3: CV 18-2237**

(To be assigned)

HUGH HORWITZ,
L.J. ODDO,
UNKNOWN OFFICER #1,
UNKNOWN OFFICER #2,
ANDREA MARTINEZ,
J. WALDMAN,     ,

     Defendants,

_____/

JURY TRIAL REQUESTED NO ☒

FILED
WILLIAMSPORT

NOV 19 2018

PER_____
DEPUTY CLERK

## COMPLAINT

## I. JURISDICTION

1.    This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under the color of law, of the rights ``secured by the Constitution of the United States. This court has jurisdiction under Title 28 U.S.C. §§ 1331 & 1343(a)(3) and plaintiff seeks declaratory relief pursuant to Title 28 U.S.C. §§ 2201 & 2202 of the Rules of civil procedure.

2.    This District Court is the appropriate venue under Title 28 U.S.C. § 1391(b)(2) due to the fact that it is where the events giving rise to the claims herein have occurred.

## II. Plaintiff

3.    Plaintiff Julius Wilson, is and was at all times mentioned herein a prisoner of the Federal Bureau of Prisons at United States Penitentiary Allenwood located at Route 15, 2 miles North of Allenwood, Allenwood, PA. 17810.

## III. Defendants

4.    Defendant Hugh Horwitz Director of the Federal Bureau of Prisons is legally responsible for the overall operation of

the Department and each institution under the Federal Bureau of Prisons jurisdiction, including United States Penitentiary Allenwood.

5.     Defendant L.J. Oddo, the warden of United States Penitentiary Allenwood is legally responsible for the operation of United States Penitentiary and acting under the color of law for the care and welfare of this plaintiff while housed at the prison.

6.     Defendant Unknown Officer #1 is an correctional officer who at all times mentioned in this complaint, was assigned to United States Penitentiary Allenwood and acting under the color of law.

7.     Defendant Unknown Officer #2 is an correctional officer who at all times mentioned in this complaint, was assigned to United States Penitentiary Allenwood in the position of Special Housing lieutenant and was acting under the color of law.

8.     Defendant Andrea Martinez RN who is a Health Service contract provider that at all times mentioned in this complaint, was assigned to United States Penitentiary Allenwood's medical department and acting under the color of law.

9.     Defendant J. Waldman RN who is a Health Service contract provider that at all times mentioned in this complaint, was assigned to United States Penitentiary Allenwood's medical department and acting under the color of law.

10.     Each Defendant is sued individually, and at all times mentioned herein this complaint each acted under the color of

(2)

law.

## IV.  Facts

11.     On June 5th 2017 this plaintiff was involved in a altercation which occurred at U.S.P. Allenwood on 3B Lower range which resulted in OC spray being used on petitioner and a small knick on the second finger of petitioners left hand.

After the initial Medical assessment by Andrea Martinez RN that documented the above medical conditions caused by the alleged altercation this plaintiff was processed into the Special Housing Unit by unknown officers #1 & #2, and was placed holding tank located on A Range.  When Plaintiff went to have the handcuffs removed from behind his back after being placed in the cell through the doors (bean) Slot the unknown officer #1 wrenched this plaintiff's arm causing severe pain and dislocating plaintiff's shoulder.

The Officer's #1 & #2 left plaintiff in the cell in severe pain despite other inmates banging on their doors and speaking with the Special Housing Unit Officers.

When the unknown officers finally responded to ₱ cell and plaintiff complained about the pain in his shoulder to the unknown officers the officers did not believe plaintiff was hurt and made plaintiff take off his shirt which was extremely painful to show that a bone was sticking out of his skin.

The unknown officers instructed plaintiff to "cuff up" at which time the plaintiff responded stated that he could not "cuff up" because of the pain so the unknown officers contacted the Medical department and J. Waldman RN showed up with a wheel chair.

Plaintiff was removed from the cell then taken by

wheel chair to the medical department and since the injury was
an obvious disformity and plaintiff was in serious pain J.
Waldman RN administered plaintiff a Morphine shot to help with
the pain.

At about 7:30 PM doctor Brian Buschman MD and also the
x-Ray tech was contacted and brought into the institution to
treat plaintiffs shoulder at which time doctor Buschman
ordered a second morphine shot to be given prior to the X-Ray
being taken.

Doctor Buschman stated in his medical report that plai-
ntiffs injury was consistent with a "anterior dislocation" and
the doctor and RN forced the shoulder back into place.

On June 28th 2017 when seeing Craig Charles PA-C
plaintiff reported having reoccuring pain when trying to move
his arm and when rolling over while sleeping and was given
(ROM) Range of motion exercises for treatment.

Since the encounter plaintiff has had continued
problems and pain with his shoulder resulting in quality of
life issues concerning any type of sports activities.  Also
plaintiff has experienced emotional anxiety whenever he has to
trust any officer to uncuff him through a locked door for fear
of having his shoulder dislocated again.

12      Upon information and belief plaintiff understands that
this assault was not investigated by prison officials at
U.S.P. Allenwood concerning the officers in question.

Upon information and belief plaintiff respectfully
states that the Special Housing Units Range camera caught the
assault by the unknown officer which is in the Defendants
possession, and the defendant Warden Oddo ignored in making

(4)

his response to plaintiffs administrative remedy Bp-9.

13.    In support of the above allegations submitted plaintiff respectfully submits the following affidavits by inmates who were present in the U.S.P. Allenwood's Special Housing Unit when the assault occurred. See Exhibit (A) & (B)

14.    Also in support of plaintiffs allegations submitted in this complaint plaintiff is providing the following medical reports:

A. The initial medical assessment after the altercation which occurred in B3 that petitioner was transferred to the Special Housing Unit, namely, Andrea Martinez RN report dated 06/05/2017 at 19:08 See Exhibit (C)

B. Then the subsequent medical report after the unknown officer inflicted the injury in the Special Housing Unit dated 06/05/2017 at 20:46 See Exhibit (D)

C. The medical report of Charles Craig PA-C on 06/28/2017 at 12:36 that shows continued problems that followed the injury. See Exhibit (E)

D. The medical report of Andrew Edinger MD/CD date 10/11/2017 at 10:18 which details continued pain and injury to the shoulder. See Exhibit (F)

The above medical reports are provided to show prima facia cause before the court in support of petitioners claim. Petitioner is not limited in presenting further medical documentation in support of his claims.

V. Exhustion of Legal Remedies

15.    This plaintiff states under oath of affirmation that he has exhausted all courses of legal remedies available to him and submits copies of the Federal Bureau of Prisons

(5)

Administrative Remedy process forms and responses therein.

     A.  Inmate Grievance Number 910579-F1; 910579-R1, and 910579-A1 See Exhibit ( )

     All requirements to the Prisoner Litigation Reform Act in this action has been meet under Title 42 U.S.C. § 1997 e(a), also this petitioner has no prior litigation restrictions depicted in Title 28 U.S.C. § 1915(g).

## VI. Legal claims

16.    This plaintiff reallege and incorporate by reference paragraphs 1-15 that the defendants did knowingly injure plaintiff in and through direct, or indirect action causing physical and emotional harm in violation of this petitioners Eight Amendment protections against cruel and unusual punishment.

17.    This plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has and will continue to be irreparably injured by the conduct of the defendants unless this court grants declatory judgment relief which plaintiff seeks.

## VII. Prayer fo relief

WHEREFORE, Plaintiff respectfully prays that this court enter judgement granting plaintiff:

18.    A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution of the United States.

19.    Compensatory damages in the amount of $100,000.00 against each defendant, jointly and severally.

20.    Punitive damages in the amount of $100,000.00 against each defendant.

            (6)

21.   Plaintiff's costs in this suit, and any additional relief this court deems just, proper, and equitable.

I hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe to be true. I certify under the penalty of perjury and under Title 28 U.S.C. § 1746 as required by law and Civil Rule 11 that to the best of my knowledge, information and belief, this complaint is (1) not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law; (3) and that the factual contentions have evidentiary support, or will have evidentiary support after a reasonable opportunity for further investigation or discovery.

Respectfully submitted on this 12 day of November 2018

_Julius Wilson_
Julius Wilson



JULIUS WILSON #60701-050
United States Penitentiary
Big Sandy
P.O. Box 2068
Inez, KY. 41224

<>60701-050<>
Us DistrictCourt Mid D Pa
240 W 3RD ST
Williamsport, PA 17701-0548
United States

CERTIFIED MAIL®

7018 2290 0000 4897 5875

PRIORITY® MAIL®
UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107R, January 2008

Legal MAIL