# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIUS WILSON, | : | Civil No. 3:18-cv-2237 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| HUGH HOROWITZ, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff Julius Wilson ("Wilson"), an inmate who was housed at all relevant times at the United States Penitentiary, Allenwood, in White Deer, Pennsylvania ("USP-Allenwood"), initiated this action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA"). (Doc. 1). Named as Defendants are the United States of America, Acting Director of the Federal Bureau of Prisons ("BOP") Hugh Hurwitz, former Warden L.J. Oddo, former Registered Nurse ("RN") Andrea Martinez, RN J. Waldman, and two unknown officers. (Docs. 1, 9).

Presently pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), and for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 18). Despite being directed to file a brief in opposition to

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendants' motion on four separate occasions, Plaintiff failed to respond to the motion and the time for responding has now passed.[2] (Docs. 25, 27, 29, 31). In the absence of any timely response by Plaintiff, the motion is deemed ripe for resolution. For the reasons set forth below, the Court will grant Defendants' motion to dismiss.[3] The Court will also dismiss the action against the two unknown officers pursuant to Federal Rule of Civil Procedure 4(m).

## II. Allegations of the Complaint

On June 5, 2017, Wilson was allegedly involved in an altercation which resulted in his transfer to the Special Housing Unit ("SHU"). (Doc. 1, p. 3). Wilson alleges that he was processed into the SHU by two unknown officers. (*Id.*). The two unknown officers allegedly dislocated Wilson's shoulder while removing his handcuffs and left him in a cell despite his pain. (*Id.*). After Wilson reported his pain to the unknown officers, they contacted the medical department, and Wilson was transported to medical for treatment. (*Id.* at pp. 3-4). Once in the medical department, Wilson received two morphine injections in his shoulder, and underwent an x-ray of the shoulder. (*Id.*). Wilson asserts that the x-ray revealed a

---

[2] Wilson was admonished that failure to file a brief in opposition to Defendants' motion would result in the motion being deemed unopposed. (Docs. 25, 27, 29, 31) (*see also* M.D. Pa. Local Rule 7.6 ("Any party opposing any motion . . . shall file a brief in opposition [to] the movant's brief . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion.")).

[3] Defendants move for summary judgment based on Wilson's purported failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 23, pp. 14-17). Because the Court will grant Defendants' motion to dismiss, the Court will not address Defendants' request for summary judgment.

2

dislocated shoulder, and a doctor and nurse moved his shoulder back into place. (*Id.* at p. 4). Several weeks later, Wilson was again treated in the medical department and was provided range of motion exercises. (*Id.*).

### III. Legal Standards

#### A. Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the power of a federal court to hear a claim or case. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). When considering a motion to dismiss under Rule 12(b)(1), a court must distinguish between facial and factual challenges to its subject matter jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack challenges whether the plaintiff has properly pled jurisdiction. *Id.* "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891).

A factual attack, in contrast, is "an argument that there is no jurisdiction because the facts of the case—and [in a factual attack] the [court] may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "So, for example, while diversity of citizenship

might have been adequately pleaded by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." *Id.* (citing *Mortensen*, 549 F.2d at 891 ("[T]he trial court is free to weigh the evidence[,] . . . and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.")). In a factual attack, the plaintiff bears the burden of proof that jurisdiction in fact exists, and the court need not presume the truth of the plaintiff's allegations. *Mortensen*, 549 F.2d at 891.

### B. Rule 12(b)(6)

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment

5

would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. Discussion

Defendants seek dismissal of the complaint on the following grounds: (1) sovereign immunity bars the Court's subject matter jurisdiction over the claims against the United States; (2) the Court lacks personal jurisdiction over Acting BOP Director Hurwitz; (3) Wilson failed to allege that any of the four named Defendants were personally involved in the alleged constitutional violations; and, (4) Wilson failed to establish a FTCA claim. (Doc. 23). The Court will first address Wilson's *Bivens* claim before turning to the FTCA claim.

### A. *Bivens* Claim

#### 1. *Sovereign Immunity*

Defendants argue that sovereign immunity bars the Court's subject matter jurisdiction over the claims against the United States. (Doc. 23, pp. 10-12).

Sovereign immunity constitutes a jurisdictional bar to claims against the United States and its agencies, unless Congress has specifically waived such immunity. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *F.D.I.C. v.*

*Meyer*, 510 U.S. 471, 475 (1994); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) ("An action against government officials in their official capacities constitutes an action against the United States [and is] barred by sovereign immunity, absent an explicit waiver."); *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007). Wilson asserts no such waiver of sovereign immunity, and the United States and its agencies have not waived their immunity from suit.

Based on an application of the above standards, any official capacity claims against the United States are plainly barred by the doctrine of sovereign immunity. Therefore, the Court will dismiss the United States from the *Bivens* action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

### 2.    *Lack of Personal Jurisdiction over Acting BOP Director Hurwitz*

Defendants argue that the Court lacks personal jurisdiction over Defendant Hurwitz, the out-of-state Defendant. (Doc. 23, pp. 13-14). Pennsylvania's long-arm statute, 42 PA. CONS. STAT. ANN. § 5322, "permits Pennsylvania courts to exercise personal jurisdiction over nonresident defendants 'to the constitutional limits of the Due Process Clause of the Fourteenth Amendment.'" *Pennzoil Products Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)). The Due Process Clause requires that nonresident defendants have "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Kehm Oil Co. v. Texaco,*

*Inc.*, 537 F.3d 290, 299-300 (3d Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Id.* at 300 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Federal courts have recognized two types of personal jurisdiction, namely general and specific. *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). General jurisdiction is appropriate when the defendant's contacts with the forum are "continuous and systematic" and when the cause of action "arises from the defendant's non-forum related activities." *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 151 (3d Cir. 1996). Specific jurisdiction is properly exercised when the plaintiff's cause of action arises from the defendant's forum-related activities, "such that the defendant 'should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In support of the instant motion, Defendants have submitted a declaration of Defendant Hurwitz.[4] (Doc. 21-1, p. 26, Declaration of Hugh J. Hurwitz ("Hurwitz Decl.").[5]

---

[4] The Court may consider affidavits in determining the existence of personal jurisdiction. *See Patterson ex rel. Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990); *Hairston v. Lappin*, 2013 WL 5701637, *16 n.6 (M.D. Pa. 2013).

[5] Hugh J. Hurwitz has held the position of Acting Director of the BOP since May, 2018. (Doc. 21, Ex. 2, Declaration of Hugh J. Hurwitz ("Hurwitz Decl."), ¶ 1). As Acting BOP Director, Hurwitz is responsible for the general supervisory management and oversight of the agency. (Doc. 21, Ex. 2, Hurwitz Decl., ¶ 2). Specific functions and tasks pertaining to individual institutions are delegated to their respective wardens and staff. (Doc. 21, Ex. 2, Hurwitz Decl., ¶ 2). Acting BOP Director Hurwitz has no primary responsibility for inmates housed in federal correctional facilities or private correctional centers. (Doc. 21, Ex. 2, Hurwitz Decl., ¶ 2).

Defendant Hurwitz declares that his business office is located at the BOP Central Office in Washington, D.C., and he confirms that he does not live, work, or own real property in the Commonwealth of Pennsylvania. (Hurwitz Decl. ¶ 3). "[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) (citations omitted). Wilson has neither addressed nor explained how Defendant Hurwitz has any contacts with the State of Pennsylvania such that he reasonably would anticipate being haled into Court here. Wilson has failed to prove that Defendant Hurwitz has the requisite minimum contacts to subject him to the jurisdiction of this Court. *See Mellon Bank*, 983 F.2d at 554 ("[w]here the defendant has raised a jurisdictional defense, the plaintiff bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)."). Thus, the Court lacks personal jurisdiction over Defendant Hurwitz and he is entitled to dismissal on this ground.

### 3. *Lack of Personal Involvement*

Defendants next argue that Wilson fails to state a claim against Oddo, Hurwitz, Martinez, and Waldman because they lack personal involvement in the alleged wrongs. (Doc. 23, pp. 18-24). The Court agrees.

Individual liability can be imposed in a civil rights action only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

    a.    <u>Defendants Oddo and Hurwitz</u>

Wilson asserts that Defendant Oddo responded to his administrative grievances, and appears to sue Oddo based on his participation in the grievance process. (Doc. 1, pp. 4-5). However, the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Flanagan v. Shively*, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir. 1992). Thus, insofar as Defendant

Oddo is sued in his capacity for reviewing Wilson's grievances, dissatisfaction with responses to an inmate's grievances does not support a constitutional claim. See *Alexander v. Gennarini*, 144 F. App'x 924 (3d Cir. 2005) (concluding that involvement in the post-incident grievance process is not a basis for § 1983 liability); *Cole v. Sobina*, 2007 WL 4460617, at *5 (W.D. Pa. 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern.").

With respect to Defendant Hurwitz, a review of the complaint confirms that aside from listing him as a Defendant, Wilson fails to allege any personal involvement by Defendant Hurwitz in any alleged constitutional deprivation. (*See* Doc. 1). Consequently, even if the Court had personal jurisdiction over Defendant Hurwitz, he would be entitled to dismissal from this action based on lack of personal involvement in the alleged wrongs.

Moreover, to the extent that Wilson attempts to hold Defendants Oddo and Hurwitz liable based on their positions of Warden and Acting Director of the BOP, respectively, these individuals may not be held liable based on their supervisory roles. Based upon an application of the above standards, any potential claims against Defendants Oddo and Hurwitz based on their supervisory roles are insufficient to satisfy the personal involvement requirement standard of *Rode*. Accordingly, Defendants' motion will be granted in this regard.

b.  <u>Defendants Martinez and Waldman</u>

In the complaint, the only reference to Defendant Martinez is that she documented Wilson's medical state after he was involved in the altercation on June 5, 2017. (Doc. 1, pp. 3, 5). The only reference to Defendant Waldman is that he arrived Wilson's cell with a wheelchair, transported him to the medical department, and administered a morphine shot to help ease his pain. (Doc. 1, pp. 3-4). These statements fail to establish that Defendants Martinez and Waldman were personally involved in any constitutional infractions. Because Wilson failed to allege sufficient allegations to establish that Martinez and Waldman were personally involved in the alleged constitutional violations, Defendants' motion will be granted on this ground.

**B. FTCA Claim**

The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court" and the "extent of the United States' liability under the FTCA is generally determined by reference to state law." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001) (quoting *Molzof v. United States*, 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992)). Where a federal court is presented with a claim brought under the FTCA, it applies the law of the state in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b).

The Court interprets Wilson's FTCA claim as follows: Wilson concludes that the

United States is liable for the actions of all Defendants under the FTCA because "all defendants work in color as a [sic] agent of such in their professional, and personal actions." (Doc. 9, p. 1). Defendants argue that Wilson's FTCA claim must be dismissed for failure to allege sufficient facts and because he failed to file a certificate of merit. (Doc. 23, pp. 24-26).

> Pennsylvania Rule of Civil Procedure Rule 1042.3 provides, in pertinent part:
>
> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
>> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>>
>> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>>
>> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
>
> * * *
>
> (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after

the filing of a notice of intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the time period within which a certificate of merit must be filed until the court rules upon the motion.

PA. R. CIV. P. 1042.3(a), (d). The purpose of the required certificate of merit is to "assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings." *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000).

Rule 1042.3(a) applies to both *pro se* and represented plaintiffs and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. *See Iwanejko v. Cohen & Grigsby, P. C.*, 249 F. App'x 938, 944 (3d Cir. 2007) (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); *Paige v. Holtzapple*, 2009 WL 2588849, *3 (M.D. Pa. 2009) (*citing Iwanejko*, 249 F. App'x at 944); *Fernandez v. Dep't of Justice*, No. 3:07-cv-1080, slip op. at 10 (M.D. Pa. Sept. 2, 2008) (recognizing that the plaintiff's *pro se* status "is not a viable basis upon which to excuse compliance with Rule 1042.3 or the requirement of com[i]ng forth with expert medical testimony"). Failure to file a certificate of merit under Rule 1042.3(a) or a motion for an extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his failure to comply is justified by a "reasonable excuse." *Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008); *see also Walsh v. Consol. Design & Eng'g, Inc.*, 2007 WL 2844829, *5 (E.D. Pa. 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit

may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse.").

In the instant case, Wilson has not submitted a proper Rule 1042.3 certificate of merit or otherwise indicated that he has retained an expert witness, nor has he requested an extension of time in which to do so. Furthermore, Wilson has failed to present a reasonable explanation or legitimate excuse for noncompliance with the certificate of merit requirement. Consequently, the Court will grant Defendants' motion on this ground.

## V. Federal Rule of Civil Procedure 41(b)

District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the Poulis factors need be satisfied to dismiss a complaint. See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Wilson is *pro se* and is solely responsible for his actions. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the Court has been waiting several months for Wilson to communicate with the Court, and can only conclude that he is personally responsible for failing to respond to Court Orders.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Wilson's continued failure to communicate with the Court and his continued inaction frustrates and delays resolution of this action. This failure to communicate clearly prejudices the Defendants who likely seek a timely resolution of the case. *See Azubuko v. Bell National Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Wilson has established a history of dilatoriness through his failure to comply with several Court Orders and rules. As is clear from the procedural background of this case, the Court directed Wilson to file a brief in opposition to Defendants' motion on four

separate occasions. (Docs. 25, 27, 29, 31). Each Order warned Wilson that failure to comply with the Orders would result in Defendants' motion being deemed unopposed. (*Id.*) (citing M.D. Pa. Local Rule 7.6). Wilson failed to comply with the Orders, and the time for complying has now passed. The Court finds that Wilson has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008).

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Wilson has been less than diligent in pursuing this matter. *Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Wilson's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent").

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed

meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. For the reasons set forth above, the Court finds that Wilson's claims against Defendants cannot succeed. Thus, following a full analysis of the factors, the majority of the six factors weigh in favor of Defendants.

## VI. Federal Rule of Civil Procedure 4(m)

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The two unknown officers were named in the complaint that was filed on November 12, 2018 and, to date, have not been identified or served in this case. The Court must engage in a two-step process in determining whether to dismiss the non-served Defendants or grant Wilson additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without

prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

In the present matter, Wilson failed to establish good cause. As a threshold matter, the Court notes that Wilson's *pro* se status is not good cause to excuse his failure to timely identify and serve these Defendants. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004). After the expiration of the ninety-day time period set forth in Rule 4(m), the Court notified Wilson that the action against the two unknown officers was subject to dismissal, and directed him to show cause why the action against these Defendants should not be dismissed pursuant to Rule 4(m). (Doc. 37). Wilson failed to respond to the Court Order. Based upon the lack of any reasonable explanation for his failure to adhere to the requirements of Rule 4, the Court finds that Wilson failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within ninety days, a district court may either dismiss the defendant, or exercise its discretion to

order that service be made within a specific time. *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m). It is Wilson's responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion. (*See* Doc. 10, ¶ 8) (advising Wilson that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Wilson's lack of good faith effort to identify or serve the two unknown officers despite this Court's warning of the possible consequences, including dismissal, the Court concludes that dismissal is appropriate under the present circumstances. Accordingly, the non-identified, non-served Defendants will be dismissed from this action.

## VII. Conclusion

Based on the foregoing, Defendants' unopposed motion to dismiss will be granted. The Court will also dismiss the action against the two unknown officers pursuant to Federal Rule of Civil Procedure 4(m).

A separate Order shall issue.

Dated: January ___, 2020

Robert D. Mariani
United States District Judge